

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*James I. Hammond*
*Assistant United States Attorney*
*james.hammond@usdoj.gov*

*36 South Charles Street*
*Suite 400*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4952*
*MAIN: 410-209-4800*

July 15, 2026

The Honorable Julie R. Rubin
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    ***United States v. Tony Joshua*, Criminal No. JRR-23-198**

Dear Judge Rubin:

The Government submits this sentencing memorandum in advance of the same-day plea and sentencing hearing in the above-captioned matter, currently scheduled for July 23, 2026, at 10:00 a.m. The parties executed a plea agreement to Count Two of the Superseding Indictment in this case, charging him with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1), pursuant to an agreement governed by Rule 11(c)(1)(C). The parties have agreed to a sentence of time served, with credit for the time the Defendant spent in custody from December 1, 2022, through June 9, 2023, or approximately 191 days. As set forth more fully below, the Government requests that the Court accept the Rule 11(c)(1)(C) agreement of the parties and sentence the Defendant to time served. This sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

### Sentencing Guidelines Calculation

While a presentence investigation report has not been submitted in this case, the parties agree and find the Defendant's base offense level to be a 14 pursuant to United States Sentencing Guidelines U.S.S.G. § 2K2.1(a)(6)(A) because the Defendant was prohibited from possessing a firearm and ammunition at the time of the offense. Additionally, the Defendant accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). Therefore, the parties agree and find the final offense level to be 12. Accordingly, since that is the minimum base offense level permitted for this offense, U.S.S.G. § 3E1.1(b) is inapplicable.

There is no agreement between the parties as to the Defendant's criminal history category. The Government finds the Defendant's criminal history category to be a I based on one piont. The applicable guideline range for this offense level and criminal history is 10-16 months. As noted in the plea agreement, the parties jointly recommend a time served sentence of approximately 191

days. As further discussed below, the Government believes that the recommend downward variant c-plea sentence is reasonable under § 3553(a).

**Factors Set Forth in 18 U.S.C. § 3553(a)**

The Government believes the following 3553(a) factors are most relevant in this case:

I. The Nature and Circumstances of the Offense (a)(1)

While investigating the Defendant for potential firearms trafficking and illegal importation of suppressors, Homeland Security Investigations and Maryland State Police recovered a loaded firearm and ammunition from the Defendant's home despite him being prohibited from doing so. Given the danger surrounding these circumstances, the nature of the crime is obviously serious. Although the Defendant has taken responsibility for his actions, there is no doubt that his actions were dangerous. As such, the Government believes that a period of incarceration is warranted and sufficient.

II. The History and Characteristics of the Defendant (a)(1)

The Defendant is a criminal history category I based on one point. It is clear the Defendant was arrested numerous times between the ages of nineteen and thirty. Between 2005 and 2013, the Defendant was convicted of illegally possessing a firearm, resisting arrest twice, forgery, and second degree assault. The assault conviction took place on April 16, 2013, where the Defendant was given a four-year suspended sentence, counting for one criminal history point.

The Defendant is a convicted felon five times over. His last conviction was domestic violence related. The evidence suppressed in Count One stemmed from a domestic violence investigation. This certainly causes the Government great concern. However, the Government is also mindful that the Defendant has no prior felony crime of violence convictions, felony controlled substance convictions, and his last conviction was a decade prior to this incident. The Government is also mindful that the Defendant has been on supervised release for over three years without incident. While the severity of the penalties that the Defendant *could* have faced is significant, the Government believes that given the aggravating factors of the offense combined with the mitigating circumstances of the history and characteristics of the Defendant, a downward varient sentence of time served is appropriate and is sufficient to obtain the objectives of 18 U.S.C. § 3553(a).

III. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (a)(2)

The need for deterrence should also be considered. The Government believes that the Defendant's conduct, in combination with his character and history, is adequately reflected by a total sentence of time served and further believes such a sentence is sufficient to provide both a general deterrent and specific deterrent effect to someone similarly situated to the Defendant.

2

However, the facts of this case, the posture of the evidence in this case, the Defendant's criminal history, and the Defendant's pretrial release history are unique in this district. Accordingly, the requested sentence in this case is unique in this district. The Government is hopeful that at 43 years of age, this sentence will be the final deterrent for the Defendant from future criminal acts.

Considering all the factors set forth above, the Government asks that the Court accept the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and sentence the Defendant to time served, giving him credit for his time spent in custody from December 1, 2022, through June 9, 2023. The Government submits that such a downward variant sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


_____/S/_____

By:   James I. Hammond
Assistant United States Attorney

3